**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CORDERO STUBBS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 21-cv-4715 |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, | ) | |
| RICARDO MENDEZ (star # 18779), | ) | |
| and REGAN ALLEN (star # 15090), | ) | Plaintiff Requests Trial by Jury |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, CORDERO STUBBS, by and through his attorney, the Law Office of Sean Brown, for his Complaint against Defendants, CITY OF CHICAGO, RICARDO MENDEZ (star # 18779), and REGAN ALLEN (star # 15090), alleges as follows:

## PARTIES

1. Plaintiff CORDERO STUBBS (hereinafter "STUBBS") is a resident of Chicago, Cook County, Illinois.

2. Defendant CITY OF CHICAGO is a municipal corporation incorporated under the laws of the State of Illinois.

3. Defendant RICARDO MENDEZ, Star #18779, is a CITY OF CHICAGO police officer who, at all pertinent times, was acting under color of state law and as the employee, agent, and representative of the CITY OF CHICAGO Police Department. This defendant is being sued in his individual capacity.

4. Defendant REGAN ALLEN, Star #15090, is a CITY OF CHICAGO police officer who, at all pertinent times, was acting under color of state law and as the employee, agent, and

representative of the CITY OF CHICAGO Police Department. This defendant is being sued in his individual capacity.

## JURISDICTION AND VENUE

5. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983].

6. This Court has subject matter jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. Sections 1331 and 1343(a).

7. This Court has jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. Section 1367.

8. This Court has personal jurisdiction over defendants as they are residents of Illinois, and all actions complained of herein occurred in Illinois.

9. Venue is proper in this District because all the conduct complained of occurred in this district.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. On or around January 1, 2019, STUBBS was seized and searched by Defendant MENDEZ and Defendant ALLEN ("Defendant Police Officers") at or about 6701 South Chappel Avenue, in Chicago, County of Cook, State of Illinois.

11. On said date, Defendant Police Officers received an anonymous call that shots were fired in the above-refenced area at approximately 2:30 a.m.

12. At said time, shots were being fired all across the city of Chicago - a common occurrence after the stroke of midnight going into the new year.

13. Defendant Police Officers responded to the area of the shots fired call and observed STUBBS sitting in a parked vehicle at the rear of an apartment building.

14. Police officers approached STUBBS, and STUBBS then began to drive his vehicle.

15. Shortly thereafter, Defendant Police Officers curbed STUBBS' vehicle.

16. Defendant Police Officers detained STUBBS and his front seat passenger, Priscilla Smith.

17. Defendant Police Officers then searched the interior of STUBBS' vehicle as well as the trunk of STUBBS' vehicle, which is where they recovered a firearm.

18. At the time of the stop and search, Defendant Police Officers were not equipped with a description of the suspected shooter.

19. At the time of the stop and search, STUBBS had committed no traffic violation and did not give Defendant Police Officers reason to believe that he had committed a crime.

20. At no point during the encounter with STUBBS did any of the Defendant Police Officers observe STUBBS to possess a firearm.

21. As a result of the Defendant Police Officers' unreasonable search and seizure, STUBBS was arrested and charged with the criminal offense of Armed Habitual Criminal – a non-probationable offense that, if convicted, carries a minimum penalty of six years imprisonment and a maximum penalty of thirty years imprisonment.

22. Since STUBBS' arrest, Defendant MENDEZ alleged in police reports that Defendant ALLEN ordered STUBS out of the vehicle and STUBBS tried to flee from Defendant ALLEN.

23. The Defendant Police Officers, however, had no body camera footage of Defendant ALLEN telling STUBBS to exit the vehicle.

24. At such time when STUBBS was pulled over by Defendant Police Officers, the Defendant Police Officers detained STUBBS without a reasonable belief that STUBBS posed a threat to them, or that he had committed, was committing, or was about to commit a crime.

25. The Defendant Police Officers arrested STUBBS without an arrest warrant or any probable cause that a crime had been committed by STUBBS.

26. That from January 1, 2019, to September 18, 2019, STUBBS was continuously detained in the Cook County Jail because of the Defendant Police Officers' actions.

27. As a result of one or more of the Defendant Police Officers' actions, they caused STUBBS great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, and other consequential damages.

28. Defendants' aforementioned acts were willful, wanton, malicious, and done with reckless indifference to and/or callous disregard for STUBBS' rights and justify the awarding of significant damages in an amount to be ascertained according to proof at the time of trial.

29. By reason of Defendants' above-described acts, STUBBS was required to retain attorneys to institute, prosecute, and render legal services to him in this action so that he may vindicate the loss and impairment of his rights. For this reason, STUBBS requests payment by defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, The Equal Access to Justice Act or any other provision set by law.

## -FEDERAL CLAIMS -

### COUNT I: FALSE ARREST AGAINST ALL DEFENDANTS

30. Plaintiff realleges and incorporates herein by reference paragraphs one to thirty (1-30) as if set forth in full herein.

31. The actions of the Defendant Police Officers, as described above, knowingly caused Plaintiff to be arrested and imprisoned without probable cause or any other justification, and the Defendant Police Officers' actions constituted a deliberate indifference to Plaintiff's rights under the U.S. Constitution in violation of the Fourth and Fourteenth Amendments.

32. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of his liberty and the taking of his person.

4

33. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

34. Therefore, one or more defendant police officers are liable to STUBBS under 42 U.S.C ¶ 1983 for violating his Constitutional right to be free from false arrest.

## -STATE SUPPLEMENTAL CLAIMS AGAINST - <u>DEFENDANT POLICE OFFICERS</u>

### COUNT II: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

35. Plaintiff realleges and incorporates herein by reference paragraphs one to thirty-four (1-34) as if set forth in full herein.

36. From January 1, 2019, to June 10, 2021, Defendant MENDEZ and Defendant ALLEN intentionally engaged in extreme and outrageous behavior against STUBBS by unreasonably seizing him and perpetuating judicial proceedings against him for the offense of Armed Habitual Criminal -- although no officer saw a firearm in STUBBS' possession.

37. The Defendants' outrageous behavior, which led to STUBBS' nine-month detainment and indictment for a non-probationable offense that carried a potential minimum penalty of six years with a maximum penalty of thirty years of imprisonment caused STUBBS to suffer severe emotional distress, including anxiety, fear, anger, depression and humiliation and the injuries set forth above.

38. Defendant Police Officers are liable for this intentional infliction of emotional distress because it was proximately caused by their actions as set forth above.

### COUNT III: MALICIOUS PROSECUTION

39. Plaintiff realleges and incorporates herein by reference paragraphs one to thirty-eight (1-38) as if set forth in full herein.

5

40. By the actions detailed above, the Defendant Police Officers knowingly sought to and did in fact maliciously prosecute STUBBS on charges for which they knew there was no probable cause from January 1, 2019, to June 10, 2021.

41. In the manner described above, the Police Officer Defendants, individually, jointly, and/or in conspiracy with one another, and others unknown, as well as within the scope of their employment, unreasonably accused STUBBS of criminal activity and exerted influence to initiate and to continue and perpetuate judicial proceedings against STUBBS without any probable cause for doing so.

42. The Defendant Police Officers caused STUBBS to be subjected improperly to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury.

43. The judicial proceedings against STUBBS were terminated in his favor when the Cook County State's Attorney dismissed the charges against STUBBS after the Cook County Circuit Court granted STUBBS' motion to suppress evidence because the Defendant Police Officers had no reasonable suspicion to detain STUBBS nor any probable cause to arrest STUBBS.

44. As a result of the Defendants' misconduct described in this Count, STUBBS suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, exposure to public scandal and disgrace, damage to his reputation, attorneys' fees, embarrassment, and other grievous and continuing injuries and damages as set forth above.

## -STATE SUPPLEMENTAL CLAIMS AGAINST CITY OF CHICAGO-
## COUNT IV: STATUTORY LIABILITY under 745 ILCS 10/9-102

45. Plaintiff realleges and incorporates herein by reference paragraphs one to forty-four (1-44) as if set forth in full herein.

46. Pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO is empowered and directed to pay any judgment for compensatory damages (and any associated attorneys' fees and costs) for which an employee police officer, acting within the scope of his employment, is found liable.

47. Defendant CITY OF CHICAGO was, at all times relevant to this action, the employer of Defendant MENDEZ and Defendant ALLEN.

48. The acts and/or omissions of the Defendant Police Officers alleged in this Complaint were committed in the course and within the scope of their employment.

49. As a result, if a judgment for compensatory damages is entered against one or more of the defendant officers, the CITY OF CHICAGO must pay the judgment as well as the associated attorneys' fees and costs.

## COUNT V: RESPONDEAT SUPERIOR

50. Plaintiff realleges and incorporates herein by reference paragraphs one to forty-nine (1-49) as if set forth in full herein.

51. Defendant Police Officers were, at all times relevant to this action, employees, and agents of the Defendant CITY OF CHICAGO.

52. Each of the Defendant Police Officers were acting within the scope of his employment when he engaged in the actions described in this complaint.

53. Therefore, all the individual defendants' acts and omissions are directly chargeable to the CITY OF CHICAGO pursuant to the doctrine of Respondeat Superior.

**WHEREFORE**, Plaintiff STUBBS respectfully requests:

A. That he be awarded compensatory damages in an amount to be determined at trial to compensate him for mental anguish, humiliation, degradation, physical and emotional pain

and suffering, inconvenience, lost wages and benefits, medical bills, future pecuniary losses, and other consequential damages;

B. That Defendants be required to pay prejudgment interest to Plaintiff on these damages;

C. That Plaintiff be awarded reasonable attorneys' fees, costs, and litigation expenses; and

D. For such other relief as the Court may deem just or equitable.

RESPECTFULLY SUBMITTED,

/s/ *Sean Brown*

   Sean Brown
Plaintiff's Attorney
The Law Office of Sean Brown
111 W. Jackson Blvd, Suite 1700
Chicago, IL 60604
Tel: 312-675-6116
Fax: 312-675-6001
attorneyseanbrown@gmail.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a copy of the foregoing Complaint will be served upon the following, or an agent thereof, via personal delivery by an individual over the age of 18 who is not a party to this action, and that a notice certifying the same will be filed upon service.

City of Chicago
c/o Anna Valencia, City Clerk
121 N. LaSalle St., #107
Chicago, IL 60602

Ricardo Mendez, Star # 18779
Chicago Police Department
3510 S. Michigan Avenue
Chicago, IL 60653

Regan Allen, Star # 15090
Chicago Police Department
3510 S. Michigan Avenue
Chicago, IL 60653


/s/ *Sean Brown*

Sean Brown
Attorney for Plaintiff